UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

```
_____
                                   )
ANTHONY DECIANTIS,                 )
                                   )
          Plaintiff,               )
                                   )
     v.                            )      C.A. No. 20-004 WES
                                   )
PATRICIA COYNE-FAGUE,              )
                                   )
          Defendant.               )
_____)
```

**MEMORANDUM AND ORDER**

WILLIAM E. SMITH, District Judge.

Before the Court is Anthony DeCiantis's Petition Under 28 U.S.C § 2254 For Writ Of Habeas Corpus By A Person In State Custody, ECF No. 1. The State of Rhode Island has filed a Motion to Dismiss, ECF No. 5. For the reasons set forth below, the Motion is GRANTED and the Petition is DENIED and DISMISSED.

I.   BACKGROUND

On January 10, 1983, Anthony DeCiantis ("DeCiantis") pleaded guilty to two counts of murder and one count of possession of a sawed-off shotgun in Case No. P1-1983-0024C. See Habeas Pet. ("Pet.") 1, ECF No. 1. He was sentenced to two consecutive life sentences, plus five years for the sawed-off shotgun conviction, to be served concurrently. Mot. to Dismiss ("Mot. to Dismiss") 3, ECF No. 5. Less than a year later, DeCiantis was convicted of a third murder in Case No. P1-1983-0418A; for that conviction, he

was sentenced to life in prison to run consecutively to his previously imposed sentence.  Id.  The Rhode Island Supreme Court affirmed the third conviction on appeal.  Pet. 2.

DeCiantis has filed five unsuccessful applications for post-conviction relief in state court in 1985, 1993, 1998, 2015, and 2018.  Id. at 3-8.  DeCiantis's most recent application asked the state court to vacate each of his murder convictions because, he argues, R.I. Gen. Laws § 11-23-1, the legal basis for his murder convictions, unconstitutionally lacks a penalty therein.  Id. at 8.  The Superior Court denied his application for post-conviction relief, explaining that R.I. Gen. Laws § 11-23-2, which immediately follows § 11-23-1, states the penalty for the foregoing statute, which is an acceptable statutory structure.  See Pet. Ex. C 27-29, ECF No. 1-3.  The Rhode Island Supreme Court denied his request for certiorari to review the denial.  See Pet. Ex. D, ECF No. 1-4.

Thereafter, DeCiantis filed the instant petition.  He again argues R.I. Gen. Laws § 11-23-1 is unconstitutional because it does not include a penalty, and therefore his P1-1983-0024C and P1-1983-0418A convictions should be vacated.  See Pet. 1, 10.

The State moved to dismiss DeCiantis's petition on various grounds, two of which the Court addresses below.

II.  DISCUSSION

Pursuant to 28 U.S.C. § 2254(a) of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), federal courts can entertain a habeas petition on behalf of a person in state custody where that person argues they are in custody in violation of the Constitution of the United States.  See 28 U.S.C. § 2254(a).  All claims must first be exhausted in state court.  See Rose v. Lundy, 455 U.S. 509, 515-16 (1982).  Where a petition is "second or successive", a petitioner must request authorization from the Court of Appeals before filing in the federal district court.  See 28 U.S.C. § 2244(3)(A); see also Libby v. Magnusson, 177 F.3d 43, 45 (1st Cir. 1999).  Additionally, the AEDPA provides a one-year limitations period for habeas petitions, which runs, relevantly, from the date judgment becomes final.  See 28 U.S.C. § 2244(d)(1)(A).

   A.  Second or Successive Petition

The State first argues that the entire petition, challenging the convictions in cases P1-1983-0024C and P1-1983-0418A, is second or successive.  Mot. to Dismiss 3.  A habeas petition is second or successive when it presents the same claims alleged in the first habeas petition, or when it presents claims that the petitioner could have brought in the first habeas petition.  See Gautier v. Wall, 620 F.3d 58, 60 (1st Cir. 2010).  In the instant petition, DeCiantis seeks to vacate the judgments of both his P1-

1983-0024C and P1-1983-0418A convictions. Pet. 1. He admits this is his fourth habeas petition filed in this Court regarding his P1-1983-0418A conviction. Mem. In Supp. Of Pet'r's Obj. to Mot. to Dismiss ("Pet'r Obj.") 1-2, ECF No. 8-1. There is no indication that DeCiantis has received authorization to proceed, and therefore the Court lacks jurisdiction with respect to that conviction.[1]

With respect to his PI-1983-0024C conviction, however, this appears to be DeCiantis's first habeas petition. Id. A petitioner is entitled to one opportunity to challenge each conviction. See Magwood v. Patterson, 561 U.S. 320, 332-34 (2010). Because DeCiantis has not yet challenged this conviction under 28 U.S.C. § 2254, his petition as to that conviction is not second or successive.

B.   Timeliness of the Instant Habeas Petition

Although not second or successive, DeCiantis's petition as to his P1-1983-0024C conviction is time-barred. There is a one-year

---

[1] DeCiantis mailed an authorization request to the First Circuit on March 10, 2020, regarding his P1-1983-0418A and P1-1983-0024C convictions, and there is no indication that his request was approved. ECF No. 7. In any event, DeCiantis was required to move for authorization prior to filing his petition. See 28 U.S.C. § 2244(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.") (emphasis added).

4

limitations period for Section 2254 petitions, beginning, relevantly, on the date the state court judgment becomes final. See 28 U.S.C. § 2244(d). DeCiantis responds that a constitutional challenge may be raised at any point. Pet'r Obj. 2-3.

For convictions prior to the 1996 enactment of the AEDPA, as is the case here, a one-year grace period runs from the date of the enactment. See Herbert v. Dickhaut, 695 F.3d 105, 108 (1st Cir. 2012). Moreover, the limitations period is tolled while a state post-conviction relief claim is pending. See 28 U.S.C. § 2244(d)(2). Because DeCiantis's convictions occurred prior to the enactment of AEDPA, he is entitled to a one-year grace period. See Herbert, 695 F.3d at 108; see also Mot. to Dismiss 6. However, even considering this grace period and applicable tolling, the instant petition is not timely and no exception applies, including the factual predicate exception. See 28 U.S.C. § 2244(d)(1)(D); see also McAleese v. Brennan, 483 F.3d 206, 214 (3rd Cir. 2007) (regarding the statute of limitations, noting that the "factual predicate" of a habeas claim is limited to the "vital facts underlying those claims") (internal quotation marks omitted). Therefore, DeCiantis's petition regarding the P1-1983-0024C conviction is time-barred under 28 U.S.C. § 2244(d)(1).

III. CONCLUSION

Based on the foregoing reasons, the Court GRANTS the State's Motion to Dismiss, ECF No. 5, and DENIES and DISMISSES DeCiantis's

Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254, ECF No. 1.

IT IS SO ORDERED.

/s/ WESmith
_____
William E. Smith
District Judge
Date: June 18, 2020